| Attorney or Party Name Address Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Gregory J. Doan<br>Doan Law Firm, LLP<br>25401 Cabot Road, Suite 119<br>Laguna Hills, CA 92653<br>(949) 472-0593 Fax: (949) 472-5441<br>165174<br>☐ Attorney for: | |

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re:<br><br>**Clifford Alexander Cravatt**<br><br>                    Debtor(s). | CASE NO :<br>CHAPTER: **13**<br>ADV NO : |

## ELECTRONIC FILING DECLARATION
### (INDIVIDUAL)

## PART I - DECLARATION OF DEBTOR(S) OR OTHER PARTY

| | | |
|---|---|---|
| ☐ | Petition, statement of affairs, schedules or lists | Date Filed: _____ |
| ☐ | Amendments to the petition, statement of affairs, schedules or lists | Date Filed: _____ |
| ☒ | Other:  **Balance of Schedules** | Date Filed:  3/5/2010 |

I (We), the undersigned Debtor(s) or other party on whose behalf the above-referenced document is being filed (Signing Party), hereby declare under penalty of perjury that: (1) I have read and understand the above-referenced document being filed electronically (Filed Document); (2) the information provided in the Filed Document is true, correct and complete; (3) the "/s/," followed by my name, on the signature line(s) for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature line(s); (4) I have actually signed a true and correct hard copy of the Filed Document in such places and provided the executed hard copy of the Filed Document to my attorney; and (5) I have authorized my attorney to file the electronic version of the Filed Document and this *Declaration* with the United States Bankruptcy Court for the Central District of California If the Filed Document is a petition, I further declare under penalty of perjury that I have completed and signed a *Statement of Social Security Number(s)* (Form B21) and provided the executed original to my attorney

**/s/ Clifford Alexander Cravatt**                **February 19, 2010**
*Signature of Signing Party*                Date
**Clifford Alexander Cravatt**
*Printed Name of Signing Party*

## PART II - DECLARATION OF ATTORNEY FOR SIGNING PARTY

I, the undersigned Attorney for the Signing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) the Signing Party signed the *Declaration of Debtor(s)* or *Other Party* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature(s) of the Signing Party in the locations that are indicated by "/s/," followed by the Signing Party's name, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this *Declaration*, the *Declaration of Debtor(s)* or *Other Party*, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this *Declaration*, the *Declaration of Debtor(s)* or *Other Party*, and the Filed Document available for review upon request of the Court or other parties. If the Filed Document is a petition, I further declare under penalty of perjury that: (1) the Signing Party completed and signed the *Statement of Social Security Number(s)* (Form B21) before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (2) I shall maintain the executed original of the *Statement of Social Security Number(s)* (Form B21) for a period of five years after the closing of the case in which they are filed; and (3) I shall make the executed original of the *Statement of Social Security Number(s)* (Form B21) available for review upon request of the Court

**/s/ Gregory J. Doan**                **February 19, 2010**
*Signature of Attorney for Signing Party*                Date
**Gregory J. Doan 165174**
*Printed Name of Attorney for Signing Party*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California

# STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)
    **None.**

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)
    **None.**

3.  (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)
    **None.**

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)
    **Chp 13. filed in 1990. Riverside County. Case number unknown.**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at  **San Clemente** , California.

Dated  **March  5, 2010**

**Clifford Alexander Cravatt**
*Debtor*

*Joint Debtor*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                                                          Best Case Bankruptcy

B201 - Notice of Available Chapters (Rev. 12/08)                                                USBC, Central District of California

| | |
|---|---|
| Name: | **Gregory J. Doan 165174** |
| Address: | **25401 Cabot Road, Suite 119** |
| | **Laguna Hills, CA 92653** |
| Telephone: **(949) 472-0593** | Fax: **(949) 472-5441** |

■ Attorney for Debtor
☐ Debtor in Pro Per

<table>
<tr><td colspan="2" align="center"><strong>UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA</strong></td></tr>
<tr><td>List all names including trade names, used by Debtor(s) within last 8 years:<br><br><strong>Clifford Alexander Cravatt</strong></td><td>Case No.: <strong>6:10-bk-14518</strong><br><br><br><br><div align="center"><strong>NOTICE OF AVAILABLE CHAPTERS</strong></div><div align="center">(Notice to Individual Consumer Debtor Under § 342(b) of the Bankruptcy Code)</div></td></tr>
</table>

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

1.    **Services Available from Credit Counseling Agencies**

      **With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

      **In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

2.    **The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors**

      **Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)**

    1.   Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

    2.   Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

    3.   The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

## Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

## Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

## Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

3.  **Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

## Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

| | | |
|---|---|---|
| **Clifford Alexander Cravatt** | X _____ | **March 5, 2010** |
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |
| Case No. (if known)  **6:10-bk-14518** | X _____ | |
| | Signature of Joint Debtor (if any) | Date |

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Central District of California

In re    **Clifford Alexander Cravatt**                                    ,    Case No.    **6:10-bk-14518**

_____ Debtor

Chapter                    **13**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 335,000.00 | | |
| B - Personal Property | Yes | 3 | 26,685.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 356,905.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | 1,939.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | 5,952.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 5,197.00 |
| Total Number of Sheets of ALL Schedules | | 13 | | | |
| Total Assets | | | 361,685.00 | | |
| Total Liabilities | | | | 358,844.00 | |

Form 6 - Statistical Summary (12/07)

.

# United States Bankruptcy Court
## Central District of California

In re  **Clifford Alexander Cravatt**

Debtor

Case No.   **6:10-bk-14518**

Chapter                    **13**

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 5,952.00 |
| Average Expenses (from Schedule J, Line 18) | 5,197.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 8,065.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 8,920.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 1,939.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 10,859.00 |

B6A (Official Form 6A) (12/07)

.

In re    **Clifford Alexander Cravatt**                                          ,    Case No. ___**6:10-bk-14518**___
                                                                                        Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Single Family Home**<br>**6750 Palmer Ct.**<br>**Chino, CA 91710** | **Fee Owners** | - | **335,000.00** | **342,387.00** |

|  |  |  |  |
|---|---|---|---|
| Sub-Total > | **335,000.00** | (Total of this page) |
| Total > | **335,000.00** |  |

___**0**___    continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

B6B (Official Form 6B) (12/07)

.

In re    **Clifford Alexander Cravatt**                                          ,    Case No.    **6:10-bk-14518**
                                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | | **Cash** | - | **50.00** |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking Account Chase Bank** | - | **500.00** |
| | | **Checking Account Arrowhead Credit Union** | - | **500.00** |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | **Misc. Household Goods and Furnishings** | - | **2,000.00** |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Misc. Collectibles** | - | **2,000.00** |
| 6.  Wearing apparel. | | **Misc. Wearing Apparel** | - | **500.00** |
| 7.  Furs and jewelry. | | **Misc. Jewelry** | - | **100.00** |
| 8.  Firearms and sports, photographic, and other hobby equipment. | | **Misc. Hobby Equipment** | - | **200.00** |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Co-Debtors Term Life Insurance DPI Specialty Foods West, Inc. *No Cash Value** | - | **0.00** |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >        **5,850.00**
(Total of this page)

  **2**   continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Clifford Alexander Cravatt**                     ,    Case No.    **6:10-bk-14518**

                                        Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >         **0.00**
(Total of this page)

Sheet   **1**   of   **2**   continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re  **Clifford Alexander Cravatt**                                    ,       Case No.   **6:10-bk-14518**
                                                Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2001 Porsche Boxter 80k miles | - | 12,985.00 |
| | | 1994 Dodge Conv. Van 128k miles | - | 4,000.00 |
| | | 1991 Chevrolet Caprice 200k miles | - | 3,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | Misc. Home Office Equipment | - | 800.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | 1 Dog | - | 50.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | Sub-Total > | 20,835.00 |
|---|---|---|
|  | (Total of this page) | |
|  | Total > | 26,685.00 |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6C (Official Form 6C) (12/07)

.

In re  **Clifford Alexander Cravatt**                                           ,       Case No.   **6:10-bk-14518**
                                        Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                             $136,875.
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Cash on Hand** | | | |
| **Cash** | **C.C.P. § 703.140(b)(5)** | **50.00** | **50.00** |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Checking Account** | **C.C.P. § 703.140(b)(5)** | **500.00** | **500.00** |
| **Chase Bank** | | | |
| **Checking Account** | **C.C.P. § 703.140(b)(5)** | **500.00** | **500.00** |
| **Arrowhead Credit Union** | | | |
| **Household Goods and Furnishings** | | | |
| **Misc. Household Goods and Furnishings** | **C.C.P. § 703.140(b)(3)** | **2,000.00** | **2,000.00** |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| **Misc. Collectibles** | **C.C.P. § 703.140(b)(3)** | **2,000.00** | **2,000.00** |
| **Wearing Apparel** | | | |
| **Misc. Wearing Apparel** | **C.C.P. § 703.140(b)(3)** | **500.00** | **500.00** |
| **Furs and Jewelry** | | | |
| **Misc. Jewelry** | **C.C.P. § 703.140(b)(4)** | **100.00** | **100.00** |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| **Misc. Hobby Equipment** | **C.C.P. § 703.140(b)(3)** | **200.00** | **200.00** |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **1994 Dodge Conv. Van** | **C.C.P. § 703.140(b)(2)** | **3,300.00** | **4,000.00** |
| **128k miles** | **C.C.P. § 703.140(b)(5)** | **700.00** | |
| **1991 Chevrolet Caprice** | **C.C.P. § 703.140(b)(5)** | **3,000.00** | **3,000.00** |
| **200k miles** | | | |
| **Office Equipment, Furnishings and Supplies** | | | |
| **Misc. Home Office Equipment** | **C.C.P. § 703.140(b)(5)** | **800.00** | **800.00** |
| **Animals** | | | |
| **1 Dog** | **C.C.P. § 703.140(b)(3)** | **50.00** | **50.00** |

Total:          **13,700.00**          **13,700.00**

_0_   continuation sheets attached to Schedule of Property Claimed as Exempt

B6D (Official Form 6D) (12/07)

In re __**Clifford Alexander Cravatt**__ ,    Case No. __**6:10-bk-14518**__

_Debtor_

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W J | C | | | | | | |
| Account No. **xxxxxxxx2345**<br><br>**Chase**<br>**201 N. Central Ave Floor 11**<br>**Phoenix, AZ 85004** | - | | | **8/06**<br><br>**Automobile Lien**<br><br>**2001 Porsche Boxter**<br>**80k miles** | | | | | |
| | | | | Value $           **12,985.00** | | | | **14,518.00** | **1,533.00** |
| Account No. **xxxxxx5328**<br><br>**FCI Lender Services, Inc.**<br>**8180 East Kaiser Blvd.**<br>**Anaheim, CA 92808** | | | | **Second Mortgage**<br><br>**Single Family Home**<br>**6750 Palmer Ct.**<br>**Chino, CA 91710** | | | | | |
| | | | | Value $         **335,000.00** | | | | **60,835.00** | **4,829.00** |
| Account No. **xxxx6881**<br><br>**Litton Loan Servicing**<br>**Attention:  Bankruptcy**<br>**4828 Loop Central Drive**<br>**Houston, TX 77081** | - | | | **7/05**<br><br>**First Mortgage**<br><br>**Single Family Home**<br>**6750 Palmer Ct.**<br>**Chino, CA 91710** | | | | | |
| | | | | Value $         **335,000.00** | | | | **278,994.00** | **0.00** |
| Account No. **xxxx-xxx-xx-0-000**<br><br>**San Bernardino Count Tax Assessor**<br>**172 West Third St, First Floor**<br>**San Bernardino, CA 92415** | - | | | **12/09**<br><br>**Property Taxes**<br><br>**Single Family Home**<br>**6750 Palmer Ct.**<br>**Chino, CA 91710** | | | | | |
| | | | | Value $         **335,000.00** | | | | **2,558.00** | **2,558.00** |

__**0**__ continuation sheets attached

| | Subtotal<br>(Total of this page) | **356,905.00** | **8,920.00** |
|---|---|---|---|
| | Total<br>(Report on Summary of Schedules) | **356,905.00** | **8,920.00** |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

Best Case Bankruptcy

B6E (Official Form 6E) (12/07)

.

In re    **Clifford Alexander Cravatt**                                                    Case No.    **6:10-bk-14518**
                                                                    ,
                                          Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

\* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

                                        **0**        continuation sheets attached

B6F (Official Form 6F) (12/07)

In re    **Clifford Alexander Cravatt**                                        Case No.    **6:10-bk-14518**
                        Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xx0417**<br><br>**Accelerated Revenue In<br>4016 N    H<br>Powell, OH 43065** | - | | 12/03 - 8/07<br>**Collections: Nationsrent  Inc.** | | | | 44.00 |
| Account No. **xxxxx0521**<br><br>**Midland Credit Management<br>Po Box 939019<br>San Diego, CA 92193** | | | **Opened 10/01/09<br>Collections: Capital One Bank** | | | | 1,217.00 |
| Account No. **xxxxx6299**<br><br>**Midland Credit Management<br>Po Box 939019<br>San Diego, CA 92193** | - | | **Opened 10/01/09<br>Collections: Hsbc Bank Nevada  N.A.** | | | | 678.00 |
| Account No. | | | | | | | |

__0__   continuation sheets attached

|  | Subtotal<br>(Total of this page) | 1,939.00 |
|---|---|---|
|  | Total<br>(Report on Summary of Schedules) | 1,939.00 |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

B6G (Official Form 6G) (12/07)

.

In re    **Clifford Alexander Cravatt**                                                  ,    Case No.    **6:10-bk-14518**
                                        Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Chase**<br>**201 N. Central Ave Floor 11**<br>**Phoenix, AZ 85004** | **Automobile Lien**<br>**2001 Porsche Boxter**<br>**80k miles** |
| **FCI Lender Services, Inc.**<br>**8180 East Kaiser Blvd.**<br>**Anaheim, CA 92808** | **Acct# H399015328**<br>**Second Mortgage**<br>**Single Family Home**<br>**6750 Palmer Ct.**<br>**Chino, CA 91710**<br>**Zillow Estimate:  $376,000 - Cost of Sale (8%):**<br>**$30,080**<br>**Estimated Value:  $346,380** |
| **Litton Loan Servicing**<br>**Attention:  Bankruptcy**<br>**4828 Loop Central Drive**<br>**Houston, TX 77081** | **Acct# 15616881**<br>**Opened 7/05**<br>**First Mortgage**<br>**Single Family Home**<br>**6750 Palmer Ct.**<br>**Chino, CA 91710**<br>**Zillow Estimate:  $376,000 - Cost of Sale (8%):**<br>**$30,080**<br>**Estimated Value:  $346,380** |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

.

In re    **Clifford Alexander Cravatt**                                                    ,    Case No.    **6:10-bk-14518**
_____
                                    Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|------------------------------|------------------------------|
|                              |                              |

**0**
_____ continuation sheets attached to Schedule of Codebtors

B6I (Official Form 6I) (12/07)

In re __**Clifford Alexander Cravatt**__                 Case No. __**6:10-bk-14518**__

Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S):<br>**Son**<br>**Son**<br>**Sister-in-Law** | AGE(S):<br>**21 years**<br>**23 years**<br>**38** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Quality Manager** | **Coffee Maintenance Specialist** |
| Name of Employer | **Keck & Schmidt Tool & Die, Inc.** | **DPI Specialty Foods West, Inc.** |
| How long employed | **1 year and 1 month** | **4 years** |
| Address of Employer | **2610 Troy Avenue**<br>**South El Monte, CA 91733** | **601 Rockefeller Avnue**<br>**Ontario, CA 91761** |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | **3,032.00** | $ | **2,679.00** |
| 2. Estimate monthly overtime | $ | **0.00** | $ | **0.00** |
| | | | | |
| 3. SUBTOTAL | $ | **3,032.00** | $ | **2,679.00** |
| | | | | |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|    a. Payroll taxes and social security | $ | **606.00** | $ | **536.00** |
|    b. Insurance | $ | **0.00** | $ | **365.00** |
|    c. Union dues | $ | **0.00** | $ | **0.00** |
|    d. Other (Specify)    __**See Detailed Income Attachment**__ | $ | **0.00** | $ | **108.00** |
| | | | | |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **606.00** | $ | **1,009.00** |
| | | | | |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | **2,426.00** | $ | **1,670.00** |
| | | | | |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | **0.00** | $ | **0.00** |
| 8. Income from real property | $ | **0.00** | $ | **0.00** |
| 9. Interest and dividends | $ | **0.00** | $ | **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | **0.00** | $ | **0.00** |
| 11. Social security or government assistance | | | | |
| (Specify): _____ | $ | **0.00** | $ | **0.00** |
| | $ | **0.00** | $ | **0.00** |
| 12. Pension or retirement income | $ | **0.00** | $ | **0.00** |
| 13. Other monthly income | | | | |
| (Specify):    __**See Detailed Income Attachment**__ | $ | **1,056.00** | $ | **800.00** |
| | | | | |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | **1,056.00** | $ | **800.00** |
| | | | | |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | **3,482.00** | $ | **2,470.00** |
| | | | | |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ | | **5,952.00** | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

**B6I (Official Form 6I) (12/07)**

In re    **Clifford Alexander Cravatt**             Case No.    **6:10-bk-14518**

                     Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)
## Detailed Income Attachment

**Other Payroll Deductions:**

| | | |
|---|---:|---:|
| **401 k Contributions** | $ 0.00 | $ 75.00 |
| **Life Insurance** | $ 0.00 | $ 27.00 |
| **AD&D** | $ 0.00 | $ 6.00 |
| **Total Other Payroll Deductions** | $ 0.00 | $ 108.00 |

**Other Monthly Income:**

| | | |
|---|---:|---:|
| **Daughter Family Contribution** | $ 0.00 | $ 800.00 |
| **Unitek Technical Sservices, Inc. ($617 gross - $123 tax)** | $ 494.00 | $ 0.00 |
| **Dependent Sister-in-Law SSI Income** | $ 562.00 | $ 0.00 |
| **Total Other Monthly Income** | $ 1,056.00 | $ 800.00 |

B6J (Official Form 6J) (12/07)

In re **Clifford Alexander Cravatt**                                         Case No.    **6:10-bk-14518**
_____
Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|--:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 2,007.00 |
|    a. Are real estate taxes included?       Yes __X__     No ____ | | |
|    b. Is property insurance included?       Yes __X__     No ____ | | |
| 2. Utilities:    a. Electricity and heating fuel | $ | 170.00 |
|            b. Water and sewer | $ | 100.00 |
|            c. Telephone | $ | 110.00 |
|            d. Other | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 50.00 |
| 4. Food | $ | 900.00 |
| 5. Clothing | $ | 75.00 |
| 6. Laundry and dry cleaning | $ | 60.00 |
| 7. Medical and dental expenses | $ | 50.00 |
| 8. Transportation (not including car payments) | $ | 160.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|            a. Homeowner's or renter's | $ | 0.00 |
|            b. Life | $ | 0.00 |
|            c. Health | $ | 0.00 |
|            d. Auto | $ | 281.00 |
|            e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|        (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|            a. Auto | $ | 577.00 |
|            b. Other  **2nd Mortgage Payment** | $ | 457.00 |
|            c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other  **DMV registration** | $ | 75.00 |
|      Other  **Misc. Expenses and Personal Hygiene** | $ | 125.00 |

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)                 $    **5,197.00**

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|--:|
| a.    Average monthly income from Line 15 of Schedule I | $ | 5,952.00 |
| b.    Average monthly expenses from Line 18 above | $ | 5,197.00 |
| c.    Monthly net income (a. minus b.) | $ | 755.00 |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Central District of California

In re   **Clifford Alexander Cravatt**     Case No.    **6:10-bk-14518**

Debtor(s)     Chapter    **13**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   **15**   sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **March  5, 2010**        Signature  _____

                                            **Clifford Alexander Cravatt**
                                            Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

Best Case Bankruptcy

B7 (Official Form 7) (12/07)

# United States Bankruptcy Court
## Central District of California

In re    **Clifford Alexander Cravatt**                             Case No.    **6:10-bk-14518**

                                      Debtor(s)                  Chapter    **13**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

--------------------------------------------------

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$3,999.00** | **2010 YTD: Husband Employment Income**<br>**Keck & Schmidt Tool & Die, Inc. ($3,229)**<br>**Unitek Technical Services, Inc. ($770)** |
| **$3,851.00** | **2010 YTD: Wife Employment Income**<br>**DPI Specialty Foods West, Inc. ($2,492)**<br>**Sprouts ($1,359)** |
| **$90,002.00** | **2009: Both Employment Income** |
| **$70,280.00** | **2008: Both Employment Income** |

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com                                          Best Case Bankruptcy

2

### 2. Income other than from employment or operation of business

None ■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                SOURCE

### 3. Payments to creditors

None ☐

*Complete a. or b., as appropriate, and c.*

a.    *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Chase**<br>**201 N. Central Ave Floor 11**<br>**Phoenix, AZ 85004** | **Last 90 Days** | **$1,731.00** | **$14,518.00** |

None ■

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ■

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4.  Suits and administrative proceedings, executions, garnishments and attachments

None ■

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None ■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

3

### 5. Repossessions, foreclosures and returns

None
■
List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

### 6. Assignments and receiverships

None
■
a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None
■
b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

### 7. Gifts

None
■
List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

### 8. Losses

None
■
List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

### 9. Payments related to debt counseling or bankruptcy

None
☐
List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **Doan Law Firm, LLP**<br>**25401 Cabot Road, Suite 119**<br>**Laguna Hills, CA 92653** | **2/26/2010** | **$2,000.00** |

4

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Parsa Law Group**<br>**3200 Park Center Drive**<br>**Costa Mesa, CA 92626** | **2009** | **$3,125.00** |
| **Law OFfices of Scott Richards**<br>**313 N. Birch St**<br>**Santa Ana, CA 92701** | **2009** | **$2,995.00** |

### 10. Other transfers

None ■  a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ■  b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

### 11. Closed financial accounts

None ■  List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

### 12. Safe deposit boxes

None ■  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs

None ■  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14. Property held for another person

None ■  List all property owned by another person that the debtor holds or controls.

5

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15.  Prior address of debtor**

None ■    If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None ■    If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ■    a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■    b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■    c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

6

**18 . Nature, location and name of business**

None
■

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|------|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
■

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------|------|

None
■

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|------|------|

None
■

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|------|

None
■

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|------|------|

7

**20. Inventories**

None
■
a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None
■
b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

**21 . Current Partners, Officers, Directors and Shareholders**

None
■
a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None
■
b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

**22 . Former partners, officers, directors and shareholders**

None
■
a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None
■
b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

**23 . Withdrawals from a partnership or distributions by a corporation**

None
■
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None
■
If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

**25. Pension Funds.**

None
■
If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com

Best Case Bankruptcy

9

**DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **March  5, 2010**                          Signature  _____

**Clifford Alexander Cravatt**
Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| **Gregory J. Doan**<br>**Doan Law Firm, LLP**<br>**25401 Cabot Road, Suite 119**<br>**Laguna Hills, CA 92653**<br>**(949) 472-0593 Fax: (949) 472-5441**<br>California State Bar Number: **165174**<br><br>■ Attorney for Debtor | |

| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | CHAPTER 13<br><br>CASE NUMBER **6:10-bk-14518** |
|---|---|
| In re<br><br>    **Clifford Alexander Cravatt**<br><br><br><br>                                            Debtor(s). | **RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN CHAPTER 13 DEBTORS AND THEIR ATTORNEYS** |

It is important for Debtors who file a chapter 13 bankruptcy case to understand their rights and responsibilities. It is also important for Debtors to know what their attorneys' responsibilities are and to communicate carefully with their attorneys to make the case successful. Debtors also are entitled to expect certain services to be performed by their attorneys. In order to assure that Debtors and their attorneys understand their rights and responsibilities in the bankruptcy process, the following rights and responsibilities have been adopted by the court. The signatures below indicate that the responsibilities outlined in the agreement have been accepted by the Debtors and their attorneys. Nothing in this agreement is intended to modify, enlarge or abridge the rights and responsibilities of a "debt relief agency," as that term is defined and used in 11 U.S.C. § 101, <u>et. seq</u>.

Any attorney retained to represent a Debtor in a chapter 13 case is responsible for representing the Debtor on all matters arising in the case, other than adversary proceedings, unless otherwise ordered by the court. The attorney may not withdraw absent a consensual withdrawal or substitution of counsel or approval by the court of a motion for withdrawal or substitution of counsel considered after notice and a hearing. When appropriate, the attorney may apply to the court for compensation additional to the maximum initial fees set forth below in this agreement.

**BEFORE THE CASE IS FILED, THE DEBTOR AGREES TO:**

1.    Discuss with the attorney the Debtor's objectives in filing the case.

2.    Timely provide the attorney with accurate information, financial and otherwise.

3.    Timely provide the attorney with all documentation requested by the attorney, including but not limited to, true and correct copies of the following documents*:

a.    Certificate of Credit Counseling, together with the debt repayment plan, if any, prepared by the nonprofit budget and credit counseling agency that provided individual counseling services to the debtor prior to bankruptcy.

b.    Proof of income from all sources received during the period of 7 months before the date of the filing of the petition, including but not limited to paycheck stubs, Social Security statements, worker's compensation, rental, pension, disability, and self-employment income, and other payment advices. For businesses, the Debtor should provide report(s) disclosing monthly income and expenses for the period of 6 months before the date of the filing of the petition.

c.    Proof of ability to pay from any person contributing income to the case.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                    **F 3015-1.7**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                                    Best Case Bankruptcy

Rights and Responsibilities Agreement Between Chapter 13 Debtors
and Their Attorneys - *Page 2 of 6*                                    **F 3015-1.7**

| In re | CHAPTER 13 |
|---|---|
| **Clifford Alexander Cravatt** | |
| Debtor(s). | CASE NUMBER **6:10-bk-14518** |

d.    Federal and state income tax returns, or transcripts of such returns, for the most recent tax year ending immediately before the commencement of the case.

e.    Proof of the debtor's identity, including a driver's license, passport, or other document containing a photograph of the debtor.

f.    A record of the debtor's interest, if any, in an educational individual retirement account or under a qualified State tuition program.

g.    The name, address and telephone number of any person or state agency to whom the Debtor owes back child or spousal support, the name, address and telephone number of any person or state agency to whom the Debtor makes current child or spousal support payments and all supporting documents for the child or spousal support payments. Examples of supporting documents are a court order, declaration of voluntary support payments, separation agreement, divorce decree and a property settlement agreement.

h.    Insurance policies owned by the debtor, including homeowner's insurance, business insurance, automobile insurance, fire insurance, flood insurance, earthquake insurance, and credit life insurance.

\* All documents submitted to the attorney must be copies as the documents will not be returned to the Debtor.

**AFTER THE CASE IS FILED, THE DEBTOR AGREES TO:**

1.    Timely make the required monthly payments.

2.    Comply with the chapter 13 rules and procedures.

3.    Keep the chapter 13 trustee and attorney informed of the Debtor's current address and telephone number, and the Debtor's employment status.

4.    Sign a payroll deduction order, if one is required.

5.    Inform the attorney of any change in the Debtor's marital status, the commencement of any child support or spousal support obligation, or a change in any existing child support or spousal support obligation.

6.    Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

7.    Contact the attorney promptly if the Debtor loses his or her job, encounters other new or unexpected financial problems, if the Debtor's income increases, or if the Debtor receives, or learns of the right to receive, money or other proceeds of an inheritance or legal action.

8.    Timely inform the attorney of any change in a creditor's address or payment amount.

9.    Keep records of all mortgage, vehicle and personal property payments made to all secured creditors during the case.

10.   Provide the attorney with any federal tax returns or transcripts requested pursuant to 11 U.S.C. § 521(f).

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                          **F 3015-1.7**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                    Best Case Bankruptcy

Rights and Responsibilities Agreement Between Chapter 13 Debtors
and Their Attorneys - *Page 3 of 6*

**F 3015-1.7**

| In re<br>**Clifford Alexander Cravatt**<br><br>Debtor(s). | CHAPTER 13<br><br>CASE NUMBER **6:10-bk-14518** |
|---|---|

11.    Contact the attorney promptly if the Debtor is sued during the case or if the Debtor commences a lawsuit or intends to settle any dispute.

12.    Inform the attorney if any tax refunds to which the Debtor is entitled are seized or not received when expected by the Debtor from the IRS or Franchise Tax Board.

13.    Contact the attorney promptly before buying, refinancing, or selling real property, and before incurring substantial additional debt.

14.    Pay directly to the attorney any filing fees.

**BEFORE THE CASE IS FILED, THE ATTORNEY AGREES TO PROVIDE AT LEAST THE FOLLOWING LEGAL SERVICES:**

As used herein, the term "Personally" means that the described service shall be performed only by an attorney who is a member in good standing of the State Bar of California and admitted to practice before this court. The service shall not be performed by a non-attorney even if such individual is employed by the attorney and under the direct supervision and control of such attorney.

**1.    Personally meet with the Debtor to review the Debtor's assets, liabilities, income, and expenses.**

**2.    Personally counsel the Debtor regarding the advisability of filing either a chapter 13 or a chapter 7 case, discuss both procedures with the Debtor, and answer the Debtor's questions.**

**3.    Personally review with the Debtor the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later.**

**4.    Personally explain to the Debtor that the attorney is being engaged to represent the Debtor on all matters arising in the case, as required by Local Bankruptcy Rule 3015-1(t).**

**5.    Personally explain to the Debtor how and when the attorney's fees and the trustee's fees are determined and paid, and provide an executed copy of this document to the Debtor.**

**6.    Timely prepare and file the Debtor's petition, plan, statements, schedules, and required documents and certificates.**

**7.    Explain which payments must be made directly to creditors by the Debtor and which payments will be made through the Debtor's chapter 13 plan, with particular attention to mortgage and vehicle loan or lease payments.**

**8.    Explain to the Debtor how, when, and where to make the chapter 13 plan payments.**

**9.    Explain to the Debtor how, when, and where to make postpetition mortgage, mobile home, manufactured home, and vehicle loan and lease payments.**

**10.    Advise the Debtor of the necessity to maintain appropriate insurance, including homeowner's insurance and liability, collision and comprehensive insurance on vehicles securing loans or leases.**

**AFTER THE CASE IS FILED, THE ATTORNEY AGREES TO PROVIDE AT LEAST THE FOLLOWING**

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                    **F 3015-1.7**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                                    Best Case Bankruptcy

Rights and Responsibilities Agreement Between Chapter 13 Debtors
and Their Attorneys - *Page 4 of 6*

**F 3015-1.7**

| In re | CHAPTER 13 |
|---|---|
| **Clifford Alexander Cravatt**<br><br>Debtor(s). | CASE NUMBER **6:10-bk-14518** |

### LEGAL SERVICES:

1.  **Advise the Debtor of the requirement to attend the § 341(a) meeting of creditors, and instruct the Debtor as to the date, time, and place of the meeting. In the case of a joint filing, inform the Debtor that both spouses must appear.**

2.  **Inform the Debtor that the Debtor must be punctual for the § 341(a) meeting of creditors. "Punctual" means that the attorney and the debtor(s) must be present in time for check-in. After checking in, if the attorney finds it necessary to request second call, the attorney and the debtor(s) must be present for examination before the end of the calendar.**

3.  **Attend the § 341(a) meetings and any court hearing, either personally or through another attorney from the attorney's firm or through an appearance attorney who has been adequately briefed on the case.**

4.  **Advise the Debtor if an appearance attorney will appear on the Debtor's behalf at the § 341(a) meeting or any court hearing, and explain to the Debtor in advance, if possible, the role and identity of the appearance attorney. In any event, the attorney is responsible to prepare adequately the appearance attorney in a timely fashion and to furnish the appearance attorney with all necessary documents, hearing notes, and other necessary information in sufficient time to allow for review of such information and proper representation of the Debtor.**

5.  **Timely serve the plan and mandatory notice on all creditors.**

6.  **Timely submit to the chapter 13 trustee properly documented proof of all sources of income for the Debtor, including business reports and supporting documentation required by Local Bankruptcy Rules.**

7.  **Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.**

8.  **Timely prepare, file, and serve any necessary amended statements and schedules and any change of address, in accordance with information provided by the Debtor.**

9.  **Monitor all incoming case information throughout the case (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and the chapter 13 trustee's status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.**

10. **Review the claims register and the chapter 13 trustee's notice of intent to pay claims after entry of a plan confirmation order.**

11. File objections to improper or invalid claims, when appropriate.

12. Prepare and file a proof of claim, when appropriate, if a creditor fails to do so.

13. Prepare, file, and serve timely motions to modify the plan after confirmation, when necessary.

14. Prepare, file, and serve motions to buy, sell, or refinance real or other property, when appropriate.

15. Prepare, file, and serve any other motion that may be necessary to appropriately represent the Debtor in the case, including but not limited to, motions to impose or extend the automatic stay.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                      **F 3015-1.7**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                      Best Case Bankruptcy

Rights and Responsibilities Agreement Between Chapter 13 Debtors
and Their Attorneys - *Page 5 of 6*                                     **F 3015-1.7**

| In re                              | CHAPTER 13                      |
|                                    |                                 |
| **Clifford Alexander Cravatt**     |                                 |
|                          Debtor(s).| CASE NUMBER **6:10-bk-14518**   |

16.    Timely respond to all motions filed by the chapter 13 trustee, and represent the Debtor in response to all other motions filed in the case, including but not limited to, motions for relief from stay.

17.    When appropriate, prepare, file, and serve motions to avoid liens on real or personal property, and motions to value the collateral of secured creditors.

18.    Be available to respond to the Debtor's questions throughout the term of the plan, and provide such other legal services as are necessary for the administration of the case before the bankruptcy court.

19.    Represent the Debtor at a discharge hearing, if required.

20.    If not representing the Debtor in adversary proceedings, assist the Debtor in obtaining competent counsel to represent the Debtor in any adversary proceeding filed in the case.

**ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES *AND COSTS*:**

The guidelines in this district for payment of costs incurred in performing the services described in bold face type in this agreement ("included Costs") and attorneys' fees in chapter 13 cases without a detailed fee application provide for the following maximum Included Costs and fees for the services described in this agreement in bold face type (that is, the services described on pages 3 through 5 of this agreement): $4,500 (excluding the petition filing fee) in cases where the Debtor is engaged in a business; or $4,000 (excluding the petition filing fee) in all other cases.  In this case the parties agree that the Included Costs (excluding the petition filing fee) and fee for the services described in bold face type in this agreement will be $ __4,000.00__ .

Other than the initial retainer, the attorney may not receive fees directly from the Debtor prior to confirmation. All other fees due through confirmation shall be paid through the plan unless otherwise ordered by the court.

If the attorney performs tasks on behalf of the Debtor not set forth in bold face, the attorney may apply to the court for additional fees and costs, but such applications will be reviewed by both the chapter 13 trustee and the court. The attorney agrees to charge for such additional services at the rate of $ __350.00__ per hour. The attorney agrees to give the Debtor written notice of any change in the hourly rate prior to rendering additional services.  Alternatively, the attorney may charge a reasonable flat fee for some specified service(s). In either event, the attorney shall disclose to the court in the fee application any fees paid or costs reimbursed by the Debtor and the source of those payments. The attorney may receive fees for such additional services directly from the Debtor. Any fees received directly from the Debtor will be deposited in the attorney's trust account until a fee application is approved by the court.

If the Debtor disputes the legal services provided or the fees charged by the attorney, the Debtor may file an objection with the court and request a hearing. Should the representation of the Debtor create a hardship, the attorney may seek a court order allowing the attorney to withdraw from the case. The Debtor may discharge the attorney at any time.

Debtor's Signature.  The Debtor's signature below certifies that the Debtor has read, understands and agrees to the best of his or her ability to carry out the terms of this agreement, agrees to the scope of this agreement, and has received a signed copy of this agreement.

Attorney's Signature.  The attorney's signature below certifies that before the case was filed the attorney personally met with, counseled, and explained the foregoing matters to the Debtor and verified the number and status of any prior bankruptcy case(s) filed by the Debtor or any related entity, as set forth in Local Bankruptcy Rule 1015-2. This agreement does not constitute the written fee agreement contemplated by the

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                          **F 3015-1.7**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                Best Case Bankruptcy

Rights and Responsibilities Agreement Between Chapter 13 Debtors
and Their Attorneys - *Page 6 of 6*

**F 3015-1.7**

| In re | CHAPTER 13 |
|---|---|
| **Clifford Alexander Cravatt** | |
| Debtor(s). | CASE NUMBER **6:10-bk-14518** |

California Business & Professions Code.

_____          **March  5, 2010**
*Debtor*                                          *Date*

_____          **March  5, 2010**
*Attorney*                                        *Date*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Name    **Gregory J. Doan**
Address    **Doan Law Firm, LLP**
    **25401 Cabot Road, Suite 119**
    **Laguna Hills, CA 92653**

Telephone    **(949) 472-0593**    (FAX)    **(949) 472-5441**

■ Attorney for Debtor
State Bar No.  **165174**

☐ Debtor(s) in Pro Se        (Any reference to the singular shall include the plural in the case of joint debtors.)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years:<br><br>**Clifford Alexander Cravatt** | Chapter 13 Case No. **6:10-bk-14518**<br><br><br>### CHAPTER 13 PLAN<br><br>**CREDITORS MEETING:**<br>**Date:**<br>**Time:**<br>**Place:**<br>**CONFIRMATION HEARING:**<br>**Date:**<br>**Time:**<br>**Place:** |
|---|---|

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*                                                                    **F3015-1.1**
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                    Best Case Bankruptcy

Chapter 13 Plan (Rev. 12/09) - Page 2                                                    2009 USBC, Central District of California

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

I.    **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

The Debtor submits the following to the supervision and control of the Chapter 13 Trustee:

A.    Payments by Debtor of **$755.00** per month for **28** months, then **$1,324.00** per month for **32** months. This monthly Plan Payment will begin within 30 days of the date the petition was filed.

B.    The base plan amount is $ **63,508.00** which is estimated to pay **100** % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

C.    Amounts necessary for the payment of post-petition claims allowed under 11 U.S.C. § 1305.

D.    Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| **FCI Lender Services, Inc.** | **Single Family Home 6750 Palmer Ct. Chino, CA 91710** | **xxxxxx5328** | **$457.00** |
| **Litton Loan Servicing** | **Single Family Home 6750 Palmer Ct. Chino, CA 91710** | **xxxx6881** | **$2,007.00** |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate  protection payments or preconfirmation lease payments.

E.    Other property:  (specify property or indicate none)
      **NONE**

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

**II.    ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**

Except as otherwise provided in the plan or by court order, the Chapter 13 Trustee shall disburse all available funds for the payment of claims as follows:

A.    ORDER OF PAYMENTS:

    1.    If there are Domestic Support Obligations, the order of priority shall be:

        (a)    Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date;

        (b)    Administrative expenses (Class 1(a)) in an amount not exceeding _____% of each Plan Payment until paid in full;

    2.    If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding __% of each Plan Payment until paid in full.

    3.    Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

    4.    Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

    5.    No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

**F3015-1.1**

Best Case Bankruptcy

Chapter 13 Plan  (Rev. 12/09) - Page 4                                         2009 USBC, Central District of California

B.    CLASSIFICATION AND TREATMENT OF CLAIMS:

| CLASS 1 | | | | | |
|---|---|---|---|---|---|
| **ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507** | | | | | |
| The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4). | | | | | |
| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| **a.   Administrative Expenses** | | | | | |
| (1)    Chapter 13 Trustee's Fee – estimated at **10**% of all payments to be made to all classes through this Plan. | | | | | |
| (2)    Attorney's Fees | $2,000.00 | | $666.67 | 3 | $2,000.00 |
| (3)    Chapter 7 Trustee's Fees | | | | | |
| (4)    Other | | | | | |
| **b.   Other Priority Claims** | | | | | |
| (1)    Internal Revenue Service | | | | | |
| (2)    Franchise Tax Board | | | | | |
| (3)    Domestic Support Obligation | | | | | |
| (4)    Other | | | | | |
| **c.   Domestic Support Obligations that are not to be paid in full in the Plan (Specify Creditor Name):** | | | | | |
| | | | | | |

*Revised December 2009*

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

**F3015-1.1**

Best Case Bankruptcy

Chapter 13 Plan  (Rev. 12/09) - Page 5

2009 USBC, Central District of California

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

1.  ☐    The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2.  ☑    The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

**FCI Lender Services, Inc.**                                                                      **xxxxxx5328**

(name of creditor)                                              (last 4 digits of account number)

**Litton Loan Servicing**                                                                      **xxxx6881**

(name of creditor)                                              (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.**

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| FCI Lender Services, Inc. | xxxxxx5328 | $16,391.00 | 0 | $287.56 | 57 | $16,391.00 |
| Litton Loan Servicing | xxxx6881 | $33,000.00 | 0 | $578.95 | 57 | $33,000.00 |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| San Bernardino Count Tax Assessor | xxxx-xxx-xx-0-000 | $2,558.00 | $2,558.00 | 18.00 | $77.21 | 57 | $4,400.69 |

*Revised December 2009*

**F3015-1.1**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

Best Case Bankruptcy

Chapter 13 Plan  (Rev. 12/09) - Page 6                                              2009 USBC, Central District of California

## CLASS 4

### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1.  ☐      The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:

2.  ☐      The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

| _____ | _____ |
| (name of creditor) | (last 4 digits of account number) |
| _____ | _____ |
| (name of creditor) | (last 4 digits of account number) |

**The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.**

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

## CLASS 5

### NON-PRIORITY UNSECURED CLAIMS

Debtor estimates that non-priority unsecured claims total the sum of   **$1,939.00**   .
Class 5 claims will be paid as follows:

(Check one box only.)

■      Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐      Class 5 claims will be divided into subclasses as shown ~~on the attached exhibit~~ *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

## III.    COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $  **0.00**  which is estimated to pay   **0**   % of the scheduled nonpriority unsecured debt.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*

**F3015-1.1**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                    Best Case Bankruptcy

## IV.  PLAN ANALYSIS

| | |
|---|---:|
| **CLASS 1a** | **$2,000.00** |
| **CLASS 1b** | **$0.00** |
| **CLASS 1c** | **$0.00** |
| **CLASS 2** | **$49,391.00** |
| **CLASS 3** | **$4,400.69** |
| **CLASS 4** | **$0.00** |
| **CLASS 5** | **$1,939.00** |
| **SUB-TOTAL** | **$57,730.69** |
| **CHAPTER 13 TRUSTEE'S FEE (Estimated  10% unless advised otherwise)** | **$5,773.44** |
| **TOTAL PAYMENT** | **$63,508.00** |

## V.  OTHER PROVISIONS

A.  The Debtor rejects the following executory contracts and unexpired leases.

    **Name of Other Party:**               **Description of contract/lease:**
    **-NONE-**

B.  The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):

    **Name of Other Party:**               **Description of contract/lease:**
    **-NONE-**

C.  In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:

    **Creditor Name:**               **Monthly Payment:**
    **Chase**                      **$577.00**

D.  The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)

    **Creditor Name:**               **Description:**
    **-NONE-**

E.  The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F.  Miscellaneous provisions: (Use Attachment, if necessary)

G.  The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

H.  The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I.  The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

---

**F3015-1.1**

## VI.    REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Dated:    **March 5, 2010**

<div>

**Gregory J. Doan**
**165174**
Attorney for Debtor(s)

**Clifford Alexander Cravatt**
Debtor

</div>

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Form B203 - Disclosure of Compensation of Attorney for Debtor - (1/88)                    1998 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re<br><br>**Clifford Alexander Cravatt**<br><br><div align="right">Debtor.</div> | Case No.: **6:10-bk-14518**<br><br>**DISCLOSURE OF COMPENSATION<br>OF ATTORNEY FOR DEBTOR** |

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    | | | |
    |---|---|---|
    | For legal services, I have agreed to accept | $ | 4,000.00 |
    | Prior to the filing of this statement I have received | $ | 2,000.00 |
    | Balance Due | $ | 2,000.00 |

2.  The source of the compensation paid to me was:

    ■ Debtor    ☐ Other (specify):

3.  The source of compensation to be paid to me is:

    ■ Debtor    ☐ Other (specify):

4.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]
        **Prepetition case preparation, BACPA compliance, and one (1) 341(a) hearing**

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**March  5, 2010**
_Date_

**Gregory J. Doan 165174**
_Signature of Attorney_
**Doan Law Firm, LLP**
_Name of Law Firm_
**25401 Cabot Road, Suite 119**
**Laguna Hills, CA 92653**
**(949) 472-0593  Fax: (949) 472-5441**

---

February 2006                                                                 2006 USBC Central District of California

## United States Bankruptcy Court
### Central District of California

| In re | Clifford Alexander Cravatt | Case No. | 6:10-bk-14518 |
|---|---|---|---|
| | Debtor(s) | Chapter | 13 |

# DEBTOR'S CERTIFICATION OF EMPLOYMENT INCOME
# PURSUANT TO 11 U.S.C. § 521 (a)(1)(B)(iv)

Please fill out the following blank(s) and check the box next to one of the following statements:

I, __Clifford Alexander Cravatt__ , the debtor in this case, declare under penalty of perjury under the laws of the United States of America that:

■        I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the 60-day period prior to the date of the filing of my bankruptcy petition.
(*NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.*)

☐        I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received no payment from any other employer.

☐        I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.


I, __ , the debtor in this case, declare under penalty of perjury under the laws of the United States of America that:

☐        I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the 60-day period prior to the date of the filing of my bankruptcy petition.
(*NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.*)

☐        I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received no payment from any other employer.

☐        I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.


Date  __March  5, 2010__              Signature  _____

                                      **Clifford Alexander Cravatt**
                                      Debtor

B22C (Official Form 22C) (Chapter 13) (01/08)

| In re | **Clifford Alexander Cravatt** | According to the calculations required by this statement: |
|---|---|---|
| | Debtor(s) | ☐ **The applicable commitment period is 3 years.** |
| Case Number: | **6:10-bk-14518** | ■ **The applicable commitment period is 5 years.** |
| | (If known) | ■ **Disposable income is determined under § 1325(b)(3).** |
| | | ☐ **Disposable income is not determined under § 1325(b)(3).** |
| | | (Check the boxes as directed in Lines 17 and 23 of this statement.) |

# CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
# AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| | **Part I. REPORT OF INCOME** | | |
|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>b. ■ Married. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | |

| | | **Column A**<br>Debtor's<br>Income | **Column B**<br>Spouse's<br>Income |
|---|---|---|---|
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $  5,386.00 | $  2,679.00 |

| 3 | **Income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.** | | | |
|---|---|---|---|---|
| | | | Debtor | Spouse |
| | a. | Gross receipts | $  0.00 | $  0.00 |
| | b. | Ordinary and necessary business expenses | $  0.00 | $  0.00 |
| | c. | Business income | Subtract Line b from Line a | $  0.00 | $  0.00 |

| 4 | **Rents and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.** | | | |
|---|---|---|---|---|
| | | | Debtor | Spouse |
| | a. | Gross receipts | $  0.00 | $  0.00 |
| | b. | Ordinary and necessary operating expenses | $  0.00 | $  0.00 |
| | c. | Rent and other real property income | Subtract Line b from Line a | $  0.00 | $  0.00 |

| 5 | **Interest, dividends, and royalties.** | $  0.00 | $  0.00 |
|---|---|---|---|
| 6 | **Pension and retirement income.** | $  0.00 | $  0.00 |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. | $  0.00 | $  0.00 |
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: | | |
| | Unemployment compensation claimed to be a benefit under the Social Security Act | Debtor $  0.00  Spouse $  0.00 | $  0.00 | $  0.00 |

B22C (Official Form 22C) (Chapter 13) (01/08)                                                                    2

| | | Debtor | Spouse | | |
|---|---|---|---|---|---|
| 9 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse, but include all other payments of alimony or separate maintenance. Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | | | |
| | a. | $ | $ | | |
| | b. | $ | $ | $ 0.00 | $ 0.00 |
| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | | | $ 5,386.00 | $ 2,679.00 |
| 11 | **Total.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | | | | $ 8,065.00 |

## Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| 12 | Enter the amount from Line 11 | $ 8,065.00 |
|---|---|---|
| 13 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero.<br><br>a. _____ $ _____<br>b. _____ $ _____<br>c. _____ $ _____<br><br>Total and enter on Line 13 | $ 0.00 |
| 14 | **Subtract Line 13 from Line 12 and enter the result.** | $ 8,065.00 |
| 15 | **Annualized current monthly income for § 1325(b)(4).** Multiply the amount from Line 14 by the number 12 and enter the result. | $ 96,780.00 |
| 16 | **Applicable median family income.** Enter the median family income for applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br><br>a. Enter debtor's state of residence:  **CA**   b. Enter debtor's household size:  **4** | $ 79,477.00 |
| 17 | **Application of § 1325(b)(4).** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 15 is less than the amount on Line 16.** Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement.<br><br>■ **The amount on Line 15 is not less than the amount on Line 16.** Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | |

## Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| 18 | Enter the amount from Line 11. | $ 8,065.00 |
|---|---|---|
| 19 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income(such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero.<br><br>a. _____ $ _____<br>b. _____ $ _____<br>c. _____ $ _____<br><br>Total and enter on Line 19. | $ 0.00 |
| 20 | **Current monthly income for § 1325(b)(3).** Subtract Line 19 from Line 18 and enter the result. | $ 8,065.00 |

| 21 | **Annualized current monthly income for § 1325(b)(3).** Multiply the amount from Line 20 by the number 12 and enter the result. | $ | **96,780.00** |
|----|----|----|----|
| 22 | **Applicable median family income.** Enter the amount from Line 16. | $ | **79,477.00** |
| 23 | **Application of § 1325(b)(3).** Check the applicable box and proceed as directed.<br><br>■ **The amount on Line 21 is more than the amount on Line 22.** Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement.<br><br>☐ **The amount on Line 21 is not more than the amount on Line 22.** Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. **Do not complete Parts IV, V, or VI.** | | |

## Part IV. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24A | **National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous.** Enter in Line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ | **1,370.00** |
|----|----|----|----|

| 24B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age, and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of household members must be the same as the number stated in Line 16b.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B. | | |
|----|----|----|----|

| Household members under 65 years of age | | Household members 65 years of age or older | | | |
|----|----|----|----|----|----|
| a1. | Allowance per member | **60** | a2. | Allowance per member | **144** |
| b1. | Number of members | **4** | b2. | Number of members | **0** |
| c1. | Subtotal | **240.00** | c2. | Subtotal | **0.00** |

$ **240.00**

| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ | **518.00** |
|----|----|----|----|

| 25B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and household size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B. **Do not enter an amount less than zero.** | | |
|----|----|----|----|

| a. | IRS Housing and Utilities Standards; mortgage/rent Expense | $ | 1,445.00 |
|----|----|----|----|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $ | 2,464.00 |
| c. | Net mortgage/rental expense | Subtract Line b from Line a. | |

$ **0.00**

| 26 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ | **0.00** |
|----|----|----|----|

| | | |
|---|---|---|
| 27A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7. ☐ 0   ☐ 1   ☒ 2 or more.<br><br>If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $        **522.00** |
| 27B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 27B the "Public Transportation" amount from the IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $        **0.00** |
| 28 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1   ☐ 2 or more.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28. **Do not enter an amount less than zero.** | $        **0.00** |

| | | |
|---|---|---|
| a. | IRS Transportation Standards, Ownership Costs | $        0.00 |
| b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | $        0.00 |
| c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. |

| | | |
|---|---|---|
| 29 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 28.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29. **Do not enter an amount less than zero.** | $        **0.00** |

| | | |
|---|---|---|
| a. | IRS Transportation Standards, Ownership Costs | $        0.00 |
| b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 | $        0.00 |
| c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. |

| | | |
|---|---|---|
| 30 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $        **1,607.00** |
| 31 | **Other Necessary Expenses: mandatory deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $        **0.00** |
| 32 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $        **27.00** |
| 33 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in line 49.** | $        **0.00** |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $        **0.00** |
| 35 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $        **0.00** |

B22C (Official Form 22C) (Chapter 13) (01/08)                                                                                    5

| 36 | **Other Necessary Expenses: health care.**  Enter the average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 24B.  **Do not include payments for health insurance or health savings accounts listed in Line 39.** | $ | 0.00 |
|---|---|---|---|
| 37 | **Other Necessary Expenses: telecommunication services.**  Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service-to the extent necessary for your health and welfare or that of your dependents.  **Do not include any amount previously deducted.** | $ | 50.00 |
| 38 | **Total Expenses Allowed under IRS Standards.**  Enter the total of Lines 24 through 37. | $ | 4,334.00 |

### Subpart B: Additional Living Expense Deductions
### Note: Do not include any expenses that you have listed in Lines 24-37

| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.**  List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents.. | | | |
|---|---|---|---|---|
| | a. | Health Insurance | $ | 365.00 |
| | b. | Disability Insurance | $ | 6.00 |
| | c. | Health Savings Account | $ | 0.00 |
| | Total and enter on Line 39 | | $ | 371.00 |
| | **If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below: <br><br> $ | | | |

| 40 | **Continued contributions to the care of household or family members.**  Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses.  **Do not include payments listed in Line 34.** | $ | 0.00 |
|---|---|---|---|
| 41 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incur to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ | 0.00 |
| 42 | **Home energy costs.**  Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs.  **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ | 0.00 |
| 43 | **Education expenses for dependent children under 18.**  Enter the total average monthly expenses that you actually incur, not to exceed $137.50 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ | 0.00 |
| 44 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ | 0.00 |
| 45 | **Charitable contributions.** Enter the amount reasonably necessary for you to expend each month on charitable contributions in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). **Do not include any amount in excess of 15% of your gross monthly income.** | $ | 0.00 |
| 46 | **Total Additional Expense Deductions under § 707(b).**  Enter the total of Lines 39 through 45. | $ | 371.00 |

B22C (Official Form 22C) (Chapter 13) (01/08)                                                                                        6

| | **Subpart C: Deductions for Debt Payment** | | | |
|---|---|---|---|---|
| 47 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 47. | | | |

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance | |
|---|---|---|---|---|---|
| a. | **Chase** | **2001 Porsche Boxter 80k miles** | $ 259.65 | ☐ yes ■ no | |
| b. | **FCI Lender Services, Inc.** | **Single Family Home 6750 Palmer Ct. Chino, CA 91710** | $ 457.00 | ☐ yes ■ no | |
| c. | **Litton Loan Servicing** | **Single Family Home 6750 Palmer Ct. Chino, CA 91710** | $ 2,007.00 | ■ yes ☐ no | |
| | | | Total: Add Lines | $ | 2,723.65 |

| | |
|---|---|
| 48 | **Other payments on secured claims.** If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. |

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount | |
|---|---|---|---|---|
| a. | **FCI Lender Services, Inc.** | **Single Family Home 6750 Palmer Ct. Chino, CA 91710** | $ 273.18 | |
| b. | **Litton Loan Servicing** | **Single Family Home 6750 Palmer Ct. Chino, CA 91710** | $ 550.00 | |
| | | | Total: Add Lines | $ 823.18 |

| 49 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 33.** | $ | 0.00 |
|---|---|---|---|

| 50 | **Chapter 13 administrative expenses.** Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | | |
|---|---|---|---|
| | a. | Projected average monthly Chapter 13 plan payment. | $ 921.00 |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x 10.00 |
| | c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b   $ 92.10 |

| 51 | **Total Deductions for Debt Payment.** Enter the total of Lines 47 through 50. | $ | 3,638.93 |
|---|---|---|---|

| | **Subpart D: Total Deductions from Income** | | |
|---|---|---|---|
| 52 | **Total of all deductions from income.** Enter the total of Lines 38, 46, and 51. | $ | 8,343.93 |

| | **Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)** | | |
|---|---|---|---|
| 53 | **Total current monthly income.** Enter the amount from Line 20. | $ | 8,065.00 |
| 54 | **Support income.** Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $ | 0.00 |

**B22C (Official Form 22C) (Chapter 13) (01/08)** 7

| 55 | **Qualified retirement deductions.** Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | $ | **75.00** |
|---|---|---|---|
| 56 | **Total of all deductions allowed under § 707(b)(2).** Enter the amount from Line 52. | $ | **8,343.93** |

| 57 | **Deduction for special circumstances.** If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page. Total the expenses and enter the total in Line 57. **You must provide your case trustee with documentation of these expenses and you must provide a detailed explanation of the special circumstances that make such expense necessary and reasonable.** | | |
|---|---|---|---|

| | Nature of special circumstances | Amount of Expense | |
|---|---|---|---|
| a. | **Ownership Vehicle Allowance** | $ | **200.00** |
| b. | | $ | |
| c. | | $ | |
| d. | | $ | |
| e. | | $ | |
| | Total:  Add Lines | $ | **200.00** |

| 58 | **Total adjustments to determine disposable income.** Add the amounts on Lines 54, 55, 56, and 57 and enter the result. | $ | **8,618.93** |
|---|---|---|---|
| 59 | **Monthly Disposable Income Under § 1325(b)(2).** Subtract Line 58 from Line 53 and enter the result. | $ | **-553.93** |

## Part VI. ADDITIONAL EXPENSE CLAIMS

| 60 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. | | |
|---|---|---|---|

| | Expense Description | Monthly Amount | |
|---|---|---|---|
| a. | | $ | |
| b. | | $ | |
| c. | | $ | |
| d. | | $ | |
| | Total: Add Lines a, b, c and d | $ | |

## Part VII. VERIFICATION

| 61 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)* <br><br> Date: __**March  5, 2010**__          Signature: _____ <br><br> **Clifford Alexander Cravatt** <br> (Debtor) |
|---|---|

## Current Monthly Income Details for the Debtor

**Debtor Income Details:**
Income for the Period **08/01/2009** to **01/31/2010**.

**Line 2 - Gross wages, salary, tips, bonuses, overtime, commissions**
Source of Income: **Keck & Schmidt Tool & Die, Inc.**
Constant income of **$3,032.00** per month.

**Line 2 - Gross wages, salary, tips, bonuses, overtime, commissions**
Source of Income: **Spourts -Daughters Income**
Constant income of **$1,737.00** per month.

**Line 2 - Gross wages, salary, tips, bonuses, overtime, commissions**
Source of Income: **UnitekTechnical Services, Inc.**
Constant income of **$617.00** per month.

**B22C (Official Form 22C) (Chapter 13) (01/08)**                                                            9

### Current Monthly Income Details for the Debtor's Spouse

**Spouse Income Details**:
Income for the Period **08/01/2009** to **01/31/2010**.

**Line 2 - Gross wages, salary, tips, bonuses, overtime, commissions**
Source of Income: **DPI Specialty Foods West, Inc.**
Constant income of **$2,679.00** per month.

Verification of Creditor Mailing List - (Rev. 10/05)                                2005 USBC, Central District of California

# MASTER MAILING LIST
## Verification Pursuant to Local Bankruptcy Rule 1007-2(d)

Name      **Gregory J. Doan 165174**

Address   **25401 Cabot Road, Suite 119 Laguna Hills, CA 92653**

Telephone **(949) 472-0593 Fax: (949) 472-5441**

■ Attorney for Debtor(s)
☐ Debtor in Pro Per

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | | |
|---|---|---|
| List all names including trade names used by Debtor(s) within last 8 years: **Clifford Alexander Cravatt** | Case No.: | **6:10-bk-14518** |
| | Chapter: | **13** |
| | | |

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of __1__ sheet(s) is complete, correct, and consistent with the debtor's schedules pursuant to Local Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.

Date: **March  5, 2010**

**Clifford Alexander Cravatt**
Signature of Debtor

KECK & SCHMIDT TOOL & DIE CO., INC.

41054

| Employee | | | | | Status (Fed/State) | Allowances/Extra |
|---|---|---|---|---|---|---|
| Clifford A. Cravatt, 6750 Palmer Court, Chino, CA 91710 | | | | | Married/Married (one income) | Fed-8/0/CA-8/0 |
| | | | | | Pay Period: 01/25/2010 - 01/31/2010 | Pay Date: 02/04/2010 |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Indirect Labor | 28.25 | 22.00 | 621.50 | 3,228.50 |

| Taxes | Current | YTD Amount |
|---|---|---|
| Federal Withholding | 0.00 | |
| Social Security Employee | -38.54 | -200.17 |
| Medicare Employee | -9.01 | -46.81 |
| CA - Withholding | 0.00 | |
| CA - Disability Employee | -6.83 | -35.51 |
| | -54.38 | -282.49 |

| Net Pay | 567.12 | 2,946.01 |
|---|---|---|

KECK & SCHMIDT TOOL & DIE CO.

**KECK & SCHMIDT TOOL & DIE CO., INC.**

| Employee | | | | Status (Fed/State) | Allowances/Extra |
|---|---|---|---|---|---|
| Clifford A Cravatt, 6750 Palmer Court, Chino, CA 91710 | | | | Married/Married (one income) | Fed-8/0/CA-8/0 |
| | | | | Pay Period: 12/28/2009 - 01/03/2010 | Pay Date: 01/07/2010 |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Indirect Labor | 32.00 | 22.00 | 704.00 | 704.00 |

| Taxes | Current | YTD Amount |
|---|---|---|
| Federal Withholding | 0.00 | |
| Social Security Employee | -43.65 | -43.65 |
| Medicare Employee | -10.21 | -10.21 |
| CA - Withholding | 0.00 | |
| CA - Disability Employee | -7.74 | -7.74 |
| | -61.60 | -61.60 |

| Net Pay | 642.40 | 642.40 |
|---|---|---|

*(handwritten)* 792.24
80.14
712.10

KECK & SCHMIDT TOOL & DIE CO.

---

**KECK & SCHMIDT TOOL & DIE CO., INC.**

41036

| Employee | | | | Status (Fed/State) | Allowances/Extra |
|---|---|---|---|---|---|
| Clifford A. Cravatt, 6750 Palmer Court, Chino, CA 91710 | | | | Married/Married (one income) | Fed-8/0/CA-8/0 |
| | | | | Pay Period: 01/11/2010 - 01/17/2010 | Pay Date: 01/21/2010 |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Indirect Labor | 29.50 | 22.00 | 649.00 | 2,057.00 |

| Taxes | Current | YTD Amount |
|---|---|---|
| Federal Withholding | 0.00 | |
| Social Security Employee | -40.23 | -127.53 |
| Medicare Employee | -9.41 | -29.83 |
| CA - Withholding | 0.00 | |
| CA - Disability Employee | -7.14 | -22.63 |
| | -56.78 | -179.99 |

| Net Pay | 592.22 | 1,877.01 |
|---|---|---|

KECK & SCHMIDT TOOL & DIE CO

---

**KECK & SCHMIDT TOOL & DIE CO., INC**

41045

| Employee | | | | Status (Fed/State) | Allowances/Extra |
|---|---|---|---|---|---|
| Clifford A. Cravatt, 6750 Palmer Court, Chino, CA 91710 | | | | Married/Married (one income) | Fed-8/0/CA-8/0 |
| | | | | Pay Period: 01/18/2010 - 01/24/2010 | Pay Date: 01/28/2010 |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Indirect Labor | 25.00 | 22.00 | 550.00 | 2,607.00 |

| Taxes | Current | YTD Amount |
|---|---|---|
| Federal Withholding | 0.00 | |
| Social Security Employee | -34.10 | -161.63 |
| Medicare Employee | -7.97 | -37.80 |
| CA - Withholding | 0.00 | |
| CA - Disability Employee | -6.05 | -28.68 |
| | -48.12 | -228.11 |

| Net Pay | 501.88 | 2,378.89 |
|---|---|---|

KECK & SCHMIDT TOOL & DIE CO.



# Earnings Statement

045-0001

UNITEK TECHNICAL SERVICES INC.
5900 CENTREVILLE ROAD #100
CENTREVILLE, VA 20121

Period Beginning:   01/31/2010
Period Ending:      02/06/2010
Pay Date:           02/12/2010

Taxable Marital Status:   Single
Exemptions/Allowances:
 Federal:    8
 CT:

**CLIFFORD A CRAVATT**
**6750 PALMER CT.**
**CHINO, CA 91710**

Social Security Number: XXX-XX-4036

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Regular | 19.0000 | 5.50 | 104.50 | 532.00 |
| Travel | 19.0000 | 2.50 | 47.50 | 237.50 |
| **Gross Pay** | | | **$152.00** | 769.50 |

| Deductions | | this period | year to date |
|------------|--|-------------|--------------|
| **Statutory** | | | |
| Social Security Tax | | -9.42 | 47.71 |
| Medicare Tax | | -2.21 | 11.16 |
| CT State Income Tax | | -7.60 | 38.48 |
| **Other** | | | |
| Checking | | -189.27 | |
| Mileage | | | -210.75 |
| **Adjustment** | | | |
| Mileage | | +56.50 | |
| **Net Pay** | | **$0.00** | |

Your federal taxable wages this period are $152.00

©1998, 2006. ADP, Inc. All Rights Reserved.

▼ TEAR HERE

© 2000 ADP, Inc.

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

UNITEK TECHNICAL SERVICES INC.
5900 CENTREVILLE ROAD #100
CENTREVILLE, VA 20121

Advice number:     00000060015
Pay date:          02/12/2010

Deposited to the account of        account number     transit ABA        amount
**CLIFFORD A CRAVATT**             xxxxxx3368         xxxx xxxx          $189.27

**THIS IS NOT A CHECK**

**NON-NEGOTIABLE**

THE ORIGINAL DOCUMENT HAS AN ARTIFICIAL WATERMARK ON THE BACK • HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENT.

 
# Earnings Statement

UNITEK TECHNICAL SERVICES INC
5900 CENTREVILLE ROAD #100
CENTREVILLE, VA 20121

| | |
|---|---|
| Period Beginning: | 01/24/2010 |
| Period Ending: | 01/30/2010 |
| Pay Date: | 02/05/2010 |

Taxable Marital Status: Single
Exemptions/Allowances:
Federal: 8
CT:

CLIFFORD A CRAVATT
6750 PALMER CT.
CHINO, CA 91710

Social Security Number: XXX-XX-4036

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 19.0000 | 5.00 | 95.00 | 427.50 |
| Travel | 19.0000 | 3.50 | 66.50 | 190.00 |
| Gross Pay | | | $161.50 | 617.50 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Social Security Tax | -10.02 | 38.29 |
| | Medicare Tax | -2.34 | 8.95 |
| | CT State Income Tax | -8.08 | 30.88 |
| | Other | | |
| | Checking | -211.06 | |
| | Mileage | | -154.25 |
| | Adjustment | | |
| | Mileage | +70.00 | |
| | Net Pay | $0.00 | |

Your federal taxable wages this period are $161.50

©1998, 2006, ADP, Inc. All Rights Reserved.

© 2000 ADP, Inc

TEAR HERE

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

UNITEK TECHNICAL SERVICES INC
5900 CENTREVILLE ROAD #100
CENTREVILLE, VA 20121

| | |
|---|---|
| Advice number: | 00000050017 |
| Pay date: | 02/05/2010 |

THIS IS NOT A CHECK

| Deposited to the account of | account number | transit ABA | amount |
|---|---|---|---|
| CLIFFORD A CRAVATT | XXXXXX3368 | XXXX XXXX | $211.06 |

**NON-NEGOTIABLE**

THE ORIGINAL DOCUMENT HAS AN ARTIFICIAL WATERMARK ON THE BACK. HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENT.




# Earnings Statement

UNITEK TECHNICAL SERVICES INC
5900 CENTREVILLE ROAD #100
CENTREVILLE, VA 20121
046-0001

| | |
|---|---|
| Period Beginning: | 01/17/2010 |
| Period Ending: | 01/23/2010 |
| Pay Date: | 01/29/2010 |

Taxable Marital Status:   Single
Exemptions/Allowances:
    Federal:        8
    CT:

**CLIFFORD A CRAVATT
6750 PALMER CT.
CHINO, CA 91710**

Social Security Number: XXX-XX-4036

| Earnings | rate | hours | this period | | year to date |
|---|---|---|---|---|---|
| Regular | 19.0000 | 9.00 | 171.00 | | 332.50 |
| Travel | 19.0000 | 3.00 | 57.00 | | 123.50 |
| **Gross Pay** | | | **$228.00** | | 456.00 |

| Deductions | Statutory | | | |
|---|---|---|---|---|
| | Social Security Tax | -14.13 | | 28.27 |
| | Medicare Tax | -3.30 | | 6.61 |
| | CT State Income Tax | -11.40 | | 22.80 |
| | **Other** | | | |
| | Checking | -244.67 | | |
| | Mileage | | | -84.25 |
| | **Adjustment** | | | |
| | Mileage | +45.50 | | |
| | **Net Pay** | **$0.00** | | |

Your federal taxable wages this period are $228.00

©1998, 2006, ADP, Inc. All Rights Reserved.

© 2000 ADP, Inc.

★ TEAR HERE

★ VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM ★

UNITEK TECHNICAL SERVICES INC
5900 CENTREVILLE ROAD #100
CENTREVILLE, VA 20121

| | |
|---|---|
| Advice number: | 00000040014 |
| Pay date: | 01/29/2010 |

Deposited to the account of
**CLIFFORD A CRAVATT**

| account number | transit ABA | amount |
|---|---|---|
| XXXXXX3368 | XXXX XXXX | $244.67 |

THIS IS NOT A CHECK

# NON-NEGOTIABLE

THE ORIGINAL DOCUMENT HAS AN ARTIFICIAL WATERMARK ON THE BACK.   HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENT.



**Earnings Statement**

UNITEK TECHNICAL SERVICES INC.
5900 CENTREVILLE ROAD #100
CENTREVILLE, VA 20121

| | |
|---|---|
| Period Beginning: | 01/10/2010 |
| Period Ending: | 01/16/2010 |
| Pay Date: | 01/22/2010 |

Taxable Marital Status:  Single
Exemptions/Allowances:
   Federal:     8
   CT:

**CLIFFORD A CRAVATT**
**6750 PALMER CT.**
**CHINO, CA 91710**

Social Security Number: XXX-XX-4036

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 19.0000 | 5.50 | 104.50 | 161.50 |
| Travel | 19.0000 | 2.50 | 47.50 | 66.50 |
| **Gross Pay** | | | **$152.00** | 228.00 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Social Security Tax | -9.43 | 14.14 |
| | Medicare Tax | -2.21 | 3.31 |
| | CT State Income Tax | -7.60 | 11.40 |
| | **Other** | | |
| | Checking | -157.76 | |
| | Mileage | | -38.75 |
| | **Adjustment** | | |
| | Mileage | +25.00 | |
| | **Net Pay** | **$0.00** | |

Your federal taxable wages this period are $152.00

© 2000 ADP, Inc.

© 1998, 2006, ADP, Inc. All Rights Reserved.

TEAR HERE

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

UNITEK TECHNICAL SERVICES INC
5900 CENTREVILLE ROAD #100
CENTREVILLE, VA 20121

| | |
|---|---|
| Advice number: | 00000030019 |
| Pay date: | 01/22/2010 |

THIS IS NOT A CHECK

| Deposited to the account of | account number | transit ABA | amount |
|---|---|---|---|
| CLIFFORD A CRAVATT | xxxxxx3368 | xxxx xxxx | $157.76 |

**NON-NEGOTIABLE**

THE ORIGINAL DOCUMENT HAS AN ARTIFICIAL WATERMARK ON THE BACK.    HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENT.



# Earnings Statement

UNITEK TECHNICAL SERVICES INC.
5900 CENTREVILLE ROAD #100
CENTREVILLE, VA 20121

046-0001

| | |
|---|---|
| Period Beginning: | 12/13/2009 |
| Period Ending: | 12/19/2009 |
| Pay Date: | 12/24/2009 |

Taxable Marital Status:   Single
Exemptions/Allowances:
   Federal:   8
   CT:

**CLIFFORD A CRAVATT
6750 PALMER CT.
CHINO, CA 91710**

Social Security Number: XXX-XX-4036

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 19.0000 | 3.00 | 57.00 | 1,516.25 |
| Travel | 19.0000 | 1.00 | 19.00 | 365.75 |
| **Gross Pay** | | | **$76.00** | 1,882.00 |

| Deductions | Statutory | | | |
|---|---|---|---|---|
| | Social Security Tax | -4.71 | | 116.68 |
| | Medicare Tax | -1.10 | | 27.29 |
| | CT State Income Tax | -3.80 | | 105.82 |
| | **Other** | | | |
| | Checking | -80.14 | | |
| | Mileage | | | -339.35 |
| | **Adjustment** | | | |
| | Mileage | +13.75 | | |
| | **Net Pay** | | **$0.00** | |

Your federal taxable wages this period are $76.00

©1990, 2006, ADP, Inc. All Rights Reserved.

▼ TEAR HERE

©2000 ADP, Inc.

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

UNITEK TECHNICAL SERVICES INC
5900 CENTREVILLE ROAD #100
CENTREVILLE, VA 20121

| | |
|---|---|
| Advice number: | 00000520015 |
| Pay date: | 12/24/2009 |

Deposited to the account of
**CLIFFORD A CRAVATT**

| account number | transit ABA | amount |
|---|---|---|
| XXXXXX3368 | XXXX XXXX | $80.14 |

**THIS IS NOT A CHECK**

**NON-NEGOTIABLE**

THE ORIGINAL DOCUMENT HAS AN ARTIFICIAL WATERMARK ON THE BACK.   HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENT.



**DPI SPECIALTY FOODS WEST, INC.**
601 ROCKEFELLER AVENUE
ONTARIO, CA

CERIDIAN
freedom

| | |
|---|---|
| CHECK NO: | 151891321 |
| CHECK DATE: | 01/22/10 |
| PERIOD ENDING: | 01/16/10 |
| PAY FREQUENCY: | BIWEEKLY |

CRAVATT, JACQUELINE BUENROSTRO
6750 PALMER CT
CHINO CA 91710

ID NUMBER: 0101307830
BASE RATE:  14.4200
SSN:

STATUS  EXEMPT
FED: MARRIED 09
ST1: MARRIED 09
ST2:

TAX ADJUSTMENTS
FED:          ST:
DI/UC:
LOCAL:

STATE AND LOCAL CODES
PRI: CA  LOC1:  LOC3:
SEC:     LOC2:  LOC4:
                LOC5:

### IMPORTANT MESSAGE

## HOURS AND EARNINGS

| DESCRIPTION | CURRENT HOURS/UNITS | EARNINGS | Y-T-D HOURS/UNITS | EARNINGS |
|---|---|---|---|---|
| REGULAR | 80.00 | 1153.60 | 144.00 | 2076.48 |
| HOLIDAY | | | 16.00 | 230.72 |
| AUTO ALLOW | | 92.31 | | 184.62 |
| | | | | |
| TOTAL H/E | 80.00 | 1245.91 | 160.00 | 2491.82 |

PRE-TAX ITEMS

| | CURRENT | Y-T-D |
|---|---|---|
| 401K | 34.61- | 69.22- |
| PRE TAX DENT | 12.79- | 25.58- |
| PRE TAX MEDIC | 158.45- | 316.90- |
| | | |
| TOTAL PRE-TAX | 205.85- | 411.70- |

## TAXES AND DEDUCTIONS

| DESCRIPTION | CURRENT AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| SO SEC TAX | 66.63 | 133.26 |
| MEDICARE TAX | 15.59 | 31.17 |
| SDI/UC TAX | 11.82 | 23.64 |
| | | |
| TOTAL TAXES | 94.04 | 188.07 |

AFTER-TAX DEDUCTIONS

| | | |
|---|---|---|
| OPTIONAL AD&D | 2.58 | 5.16 |
| OPTIONAL LIFE | 12.46 | 24.92 |

## SPECIAL INFORMATION

| | |
|---|---|
| VAC BALANCE | 95.40 |
| 401K MATCH | 17.30 |
| YTD 401K MATCH | 34.60 |

CURRENT NET PAY DISTRIBUTION

| | |
|---|---|
| C 4210860388 | 100.00 |
| S 23141984 | 400.00 |
| CHECK AMOUNT | 430.98 |

| | GROSS | GROSS | TAXABLE WAGES | LESS TAXES | LESS DED | EQ NET PAY | |
|---|---|---|---|---|---|---|---|
| TOTAL | 80.00 | 1040.06 | 160.00 | 2080.12 | TOTAL PER DED | 15.04 | 30.08 |
| CURRENT | 1245.91 | 205.85- | 1040.06 | 94.04 | 15.04 | 930.98 | |
| Y-T-D | 2491.82 | 411.70- | 2080.12 | 188.07 | 30.08 | 1861.97 | TOTAL CURRENT NET PAY  930.98 |

Statement Of Earnings       Detach at perforation below and keep for your records.       A Payroll Service By Ceridian



**CERIDIAN** freedom

**DPI SPECIALTY FOODS WEST, INC.**
601 ROCKEFELLER AVENUE
ONTARIO CA

| | |
|---|---|
| CHECK NO: | 151877075 |
| CHECK DATE: | 01/08/10 |
| PERIOD ENDING: | 01/02/10 |
| PAY FREQUENCY: | BIWEEKLY |

CRAVATT, JACQUELINE BUENROSTRO
6750 PALMER CT
CHINO,CA 91710

ID NUMBER: 0101307830
BASE RATE:  14.4200
SSN:

STATUS  EXEMPT
FED: MARRIED  09
ST1: MARRIED  09
ST2:

TAX ADJUSTMENTS
FED:          ST:
DI/UC:
LOCAL:

STATE AND LOCAL CODES
PRI: CA  LOC1:      LOC3:
SEC:      LOC2:      LOC4:
                     LOC5:

## IMPORTANT MESSAGE

### HOURS AND EARNINGS

| DESCRIPTION | CURRENT HOURS/UNITS | EARNINGS | Y-T-D HOURS/UNITS | EARNINGS |
|---|---|---|---|---|
| REGULAR | 64.00 | 922.88 | 64.00 | 922.88 |
| HOLIDAY | 16.00 | 230.72 | 16.00 | 230.72 |
| AUTO ALLOW | | 92.31 | | 92.31 |
| **TOTAL H/E** | **80.00** | **1245.91** | **80.00** | **1245.91** |

#### PRE-TAX ITEMS

| | | | |
|---|---|---|---|
| 401K | | 34.61- | | 34.61- |
| PRE TAX DENT | | 12.79- | | 12.79- |
| PRE TAX MEDIC | | 158.45- | | 158.45- |
| **TOTAL PRE-TAX** | | **205.85-** | | **205.85-** |

### TAXES AND DEDUCTIONS

| DESCRIPTION | CURRENT AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| SO SEC TAX | 66.63 | 66.63 |
| MEDICARE TAX | 15.58 | 15.58 |
| SDI/UC TAX | 11.82 | 11.82 |
| **TOTAL TAXES** | **94.03** | **94.03** |

#### AFTER-TAX DEDUCTIONS

| | | |
|---|---|---|
| OPTIONAL AD&D | 2.58 | 2.58 |
| OPTIONAL LIFE | 12.46 | 12.46 |

### SPECIAL INFORMATION

| | |
|---|---|
| VAC BALANCE | 92.32 |
| 401K MATCH | 17.30 |
| YTD 401K MATCH | 17.30 |

#### CURRENT NET PAY DISTRIBUTION

| | |
|---|---|
| C 4210850388 | 100.00 |
| S 23141984 | 400.00 |
| CHECK AMOUNT | 430.99 |

| | GROSS | GROSS | TAXABLE WAGES | LESS TAXES | LESS DED | EQ NET PAY | | |
|---|---|---|---|---|---|---|---|---|
| **TOTAL** | 80.00 | 1040.06 | 80.00 | 1040.06 | TOTAL PER DED | 15.04 | 15.04 | |
| **CURRENT** | 1245.91 | 205.85- | 1040.06 | 94.03 | 15.04 | 930.99 | | |
| **Y-T-D** | 1245.91 | 205.85- | 1040.06 | 94.03 | 15.04 | 930.99 | TOTAL CURRENT NET PAY | 930.99 |

Statement Of Earnings          Detach at perforation below and keep for your records.          A Payroll Service Of Ceridian


**CERIDIAN**
freedom

**DPI SPECIALTY FOODS WEST, INC.**
601 ROCKEFELLER AVENUE
ONTARIO, CA

CHECK NO:        151859046
CHECK DATE:      12/24/09
PERIOD ENDING:   12/19/09
PAY FREQUENCY:   BIWEEKLY

CRAVATT, JACQUELINE BUENROSTRO
6750 PALMER CT
CHINO, CA 91710

ID NUMBER: 0101307830
BASE RATE:    14.4200
SSN:

| STATUS | EXEMPT | TAX ADJUSTMENTS | | STATE AND LOCAL CODES | |
|---|---|---|---|---|---|
| FED: MARRIED | 09 | FED: | ST: | PRI: CA LOC1: | LOC3: |
| ST1: MARRIED | 09 | DI/UC: | | SEC: LOC2: | LOC4: |
| ST2: | | LOCAL: | | LOC5: | |

## IMPORTANT MESSAGE

| HOURS AND EARNINGS | | | | | TAXES AND DEDUCTIONS | | | SPECIAL INFORMATION | |
|---|---|---|---|---|---|---|---|---|---|
| DESCRIPTION | CURRENT HOURS/UNITS | EARNINGS | Y-T-D HOURS/UNITS | EARNINGS | DESCRIPTION | CURRENT AMOUNT | Y-T-D AMOUNT | | |
| REGULAR | 80.00 | 1153.60 | 1956.00 | 28205.52 | SO SEC TAX | 66.82 | 1733.60 | VAC BALANCE | 89.24 |
| HOLIDAY | | | 48.00 | 692.16 | MEDICARE TAX | 15.63 | 405.44 | 401K MATCH | 17.30 |
| FLOAT HOL | | | 16.00 | 230.72 | SDI/UC TAX | 11.85 | 307.57 | YTD 401K MATCH | 448.94 |
| VACATION | | | 48.00 | 692.16 | | | | | |
| PERS EMRG DAY | | | 8.00 | 115.36 | | | | | |
| AUTO ALLOW | | 92.31 | | 2400.06 | | | | | |
| | | | | | TOTAL TAXES | 94.30 | 2446.61 | | |
| | | | | | AFTER-TAX DEDUCTIONS | | | | |
| | | | | | OPTIONAL AD&D | 2.58 | 67.08 | | |
| | | | | | OPTIONAL LIFE | 12.46 | 323.96 | | |
| TOTAL H/E | 80.00 | 1245.91 | 2076.00 | 32335.98 | | | | | |
| PRE-TAX ITEMS | | | | | | | | | |
| 401K | | 34.61- | | 898.13- | | | | | |
| PRE TAX DENT | | 12.79- | | 332.54- | | | | | |
| PRE TAX MEDIC | | 155.47- | | 4042.22- | | | | | |
| | | | | | | | | CURRENT NET PAY DISTRIBUTION | |
| | | | | | | | | C 4210850388 | 100.00 |
| | | | | | | | | S 23141984 | 400.00 |
| | | | | | | | | CHECK AMOUNT | 433.70 |
| TOTAL PRE-TAX | | 202.87- | | 5272.89- | | | | | |

| TOTAL | 80.00 | 1043.04 | 2076.00 | 27063.09 | TOTAL PER DED | 15.04 | 391.04 | |
|---|---|---|---|---|---|---|---|---|
| | GROSS | GROSS | TAXABLE WAGES | LESS TAXES | LESS DED | EQ NET PAY | | |
| CURRENT | 1245.91 | 202.87- | 1043.04 | 94.30 | 15.04 | 933.70 | | |
| Y-T-D | 32335.98 | 5272.89- | 27063.09 | 2446.61 | 391.04 | 24225.44 | TOTAL CURRENT NET PAY | 933.70 |

Statement Of Earnings          Detach at perforation below and keep for your records.          A Payroll Service By Ceridian

Case 6:10-bk-14518-MJ    Doc 12    Filed 03/05/10    Entered 03/05/10 19:09:20    Desc
Main Document      Page 66 of 66



**DPI SPECIALTY FOODS WEST, INC.**
601 ROCKEFELLER AVENUE
ONTARIO, CA

CHECK NO: 151839296
CHECK DATE: 12/11/09
PERIOD ENDING: 12/05/09
PAY FREQUENCY: BIWEEKLY

CRAVATT, JACQUELINE BUENROSTRO
6750 PALMER CT
CHINO, CA 91710

ID NUMBER: 0101307830
BASE RATE: 14.4200
SSN:

STATUS  EXEMPT
FED: MARRIED 09
ST1: MARRIED 09
ST2:

TAX ADJUSTMENTS
FED:           ST:
DI/UC:
LOCAL:

STATE AND LOCAL CODES
PRI: CA  LOC1:   LOC3:
SEC:     LOC2:   LOC4:
                 LOC5:

### IMPORTANT MESSAGE

## HOURS AND EARNINGS

| DESCRIPTION | CURRENT HOURS/UNITS | CURRENT EARNINGS | Y-T-D HOURS/UNITS | Y-T-D EARNINGS |
|---|---|---|---|---|
| REGULAR | 72.00 | 1038.24 | 1878.00 | 27051.92 |
| HOLIDAY | 8.00 | 115.36 | 48.00 | 692.16 |
| FLOAT HOL | | | 16.00 | 230.72 |
| VACATION | | | 48.00 | 692.16 |
| PERS EMRG DAY | | | 8.00 | 115.36 |
| AUTO ALLOW | | 92.31 | | 2307.75 |

| TOTAL H/E | 80.00 | 1245.91 | 1996.00 | 31090.07 |

### PRE-TAX ITEMS
| | | | |
|---|---|---|---|
| 401K | | 34.61- | | 863.52- |
| PRE TAX DENT | | 12.79- | | 319.75- |
| PRE TAX MEDIC | | 155.47- | | 3886.75- |

| TOTAL PRE-TAX | | 202.87- | | 5070.02- |

## TAXES AND DEDUCTIONS

| DESCRIPTION | CURRENT AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| SO SEC TAX | 66.81 | 1666.78 |
| MEDICARE TAX | 15.62 | 389.81 |
| SDI/UC TAX | 11.85 | 295.72 |

| TOTAL TAXES | 94.28 | 2352.31 |

### AFTER-TAX DEDUCTIONS
| OPTIONAL AD&D | 2.58 | 64.50 |
| OPTIONAL LIFE | 12.46 | 311.50 |

## SPECIAL INFORMATION

| VAC BALANCE | 86.16 |
|---|---|
| 401K MATCH | 17.30 |
| YTD 401K MATCH | 431.64 |

### CURRENT NET PAY DISTRIBUTION
| C 4210850388 | 100.00 |
|---|---|
| S 23141984 | 400.00 |
| CHECK AMOUNT | 433.72 |

| | GROSS | GROSS | TAXABLE WAGES | LESS TAXES | LESS DED | EQ NET PAY |
|---|---|---|---|---|---|---|
| TOTAL | 80.00 | 1043.04 | 1996.00 | 26020.05 TOTAL PER DED | 15.04 376.00 | |
| CURRENT | 1245.91 | 202.87- | 1043.04 | 94.28 | 15.04 | 933.72 |
| Y-T-D | 31090.07 | 5070.02- | 26020.05 | 2352.31 | 376.00 | 23291.74 |

TOTAL CURRENT NET PAY    933.72

Statement Of Earnings        Detach at perforation below and keep for your records.        A Payroll Service By Ceridian